J-S13041-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KYAIRE CARTER | : | |
| | : | |
| Appellant | : | No. 1435 EDA 2025 |

Appeal from the Judgment of Sentence Entered January 10, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005858-2022

BEFORE: PANELLA, P.J.E., NICHOLS, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED MAY 7, 2026**

Appellant, Kyaire Carter, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his open guilty plea to third-degree murder, possession of a firearm without a license, carrying a firearm on the streets of Philadelphia, and possession of an instrument of crime ("PIC").[1] We affirm.

The relevant facts and procedural history of this matter are as follows. In November 2021, Appellant shot Markees Robinson in the back of the head. Shortly thereafter, Mr. Robinson died as a result of the injury. Police later identified Appellant through video footage and social media, including his return to the scene of the shooting four days later, wearing the same sweatshirt. On January 3, 2022, police arrested Appellant and charged him

_____

[1] 18 Pa.C.S.A. §§ 2502(c), 6106, 6108, and 907, respectively.

in relation to the murder. On November 15, 2024, Appellant entered a guilty plea to the aforementioned charges.

On January 10, 2025, the matter proceeded to sentencing. At the sentencing hearing, the court acknowledged that it had considered several mitigating factors, including the information within Appellant's pre-sentence investigation ("PSI") report and mental health evaluation, his PTSD, his remorse, and his significant family support. (N.T. Sentencing, 1/10/25, at 5-6, 13, 23-24, 32-40). As well, the court considered several aggravating factors, including Appellant's long and violent criminal history, including a felony gunpoint robbery conviction and his recent incarceration on that charge, his parole status during the instant murder, Appellant's continued possession of weapons during his incarcerations, and his admission that the shooting had occurred because the victim owed him $300.00. (*See id.*) The court concluded that a mitigated sentence was not appropriate, and sentenced Appellant to an aggregate term of 25 to 50 years of incarceration.

On January 17, 2025, Appellant filed a post-sentence motion seeking modification and/or reconsideration of the sentence. On May 21, 2025, the court denied Appellant's motion by operation of law. On June 6, 2025, Appellant timely filed a notice of appeal. On June 16, 2025, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On July 8, 2025, Appellant timely complied.

On appeal, Appellant raises a single issue for our review:

1. Whether the court's aggregate sentence of twenty-five to

fifty years of incarceration was an abuse of discretion that did not adequately consider the Appellant's rehabilitative needs including mental health and drug and alcohol treatment, the Appellant's acceptance of responsibility and sincere overtures of remorse to the victim and family, and the statements of support from Appellant's friends and family.

(Appellant's Brief at 4).

Appellant argues that the imposition of a 25-to-50-year sentence was an abuse of discretion that did not adequately consider Appellant's mitigating factors, which included his acceptance of responsibility, his limited prior record, his deeply troubled life, his mental illness, the amount of violence he has experienced, and his expression of remorse. Although Appellant acknowledges that it is within the court's discretion to impose sentences consecutively, and that the individual sentences imposed were each within the standard guideline range, he avers that imposition of consecutive sentences was punitive and without consideration for the aforementioned mitigating factors. Appellant concludes that the court abused its sentencing discretion, and that this Court must vacate and remand for re-sentencing. We disagree.

As presented, Appellant's issue challenges the discretionary aspects of his sentence. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013) (considering challenge to imposition of consecutive sentences as claim involving discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (explaining claim that court did not consider mitigating factors

- 3 -

challenges discretionary aspects of sentencing). Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases." ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting ***Commonwealth v.***

***Williams***, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*)) (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912-13.

> Pennsylvania law affords the sentencing court discretion to impose [a] sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion does not raise a substantial question. In fact, this Court has recognized the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

***Austin, supra*** at 808 (internal citations and quotation marks omitted). Nevertheless, a claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. ***Mouzon, supra*** at 430, 812 A.2d at 624. Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. ***Id***. at 435, 812 A.2d at 627.

Further, "this Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial

question for our review." ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa.Super. 2013) (internal citation omitted). ***See also Commonwealth v. Griffin***, 804 A.2d 1, 9 (Pa.Super. 2002), *cert. denied*, 545 U.S. 1148, 125 S. Ct. 2984, 162 L.Ed.2d 902 (2005) (noting that allegation that sentencing court did not consider evidence of good behavior in prison, alleged brain damage, and limited mental capacity does not raise substantial question).

Instantly, Appellant timely filed a notice of appeal and preserved his sentencing challenge in a timely post-sentence motion and Rule 2119(f) statement. Nevertheless, Appellant's claim that the court did not appropriately consider his mitigating factors does not raise a substantial question. ***See Disalvo***, ***supra***. Likewise, Appellant's complaint that the court should not have imposed consecutive sentences does not raise a substantial question for our review. ***See Austin, supra***. Therefore, as Appellant has not raised a substantial question, we decline to reach the merits of Appellant's sentencing challenge.[2] ***See Evans, supra***. Accordingly, we affirm.

Judgment of sentence affirmed.

_____

[2] Even if we were to reach the merits of Appellant's claim, he would not be entitled to relief. Where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. ***See Commonwealth v. Moury***, 992 A.2d 162 (Pa.Super. 2010). As well, where the sentencing court had the benefit of a PSI report, we can presume the court was aware of information regarding Appellant's character and weighed such information along with any mitigating factors. ***See Commonwealth v. Tirado***, 870 A.2d 362, 368 (Pa.Super. 2005). Because the court imposed consecutive standard range sentences, had the benefit of a PSI report, and expressly noted that it had considered the mitigating factors, Appellant would not be entitled to relief in any event.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>5/7/2026</u>